Daniel S. Hefter (Illinois SBN3127998)
**HEFTER LAW, LTD.**
332 S. Michigan Ave., Suite 900
Chicago, IL 60604
Telephone: (312) 264-6565
dhefter@hefter-law.com
*Attorney for Plaintiff*
*Pro Hac Vice Application Pending*

Chad Conelly (SBN 022394)
**CONELLY LAW GROUP PLLC**
Indian Bend Corporate Centre
8161 E. Indian Bend Road, Suite 103
Scottsdale, Arizona 85250
Telephone: (480) 268-2658
cc@arizonalegal.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Federal Savings Bank,<br><br>                    Plaintiff,<br>v.<br><br>Independence Home Loans, LLC; Eric Katz; Barry Baume; and Jonathan Moss,<br><br>                    Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff The Federal Savings Bank ("TFSB") states as follows:

## NATURE OF THE ACTION

1. This is an action for a temporary restraining order and a preliminary injunction to maintain the status quo pending resolution of an arbitration proceeding between TFSB and Defendants Eric Katz ("Katz"), Barry Baume ("Baume"), and Jonathan Moss ("Moss") with

JAMS,[1] and for a temporary restraining order, preliminary injunction, permanent injunction, and damages against Independence Home Loans, LLC ("Independence").

2. Katz is a former TFSB employee who signed an employment agreement with TFSB prohibiting him from soliciting TFSB's employees.

3. After resigning from TFSB, Katz formed Independence to compete against TFSB.

4. In violation of his restrictive covenants, Katz then pillaged TFSB employees to resign from TFSB to work for Independence, including TFSB employees Baume and Moss.

5. Baume and Moss also signed employment agreements with TFSB prohibiting them from soliciting TFSB's employees.

6. Baume and Moss accepted employment with TFSB, and then assisted Katz and Independence in their continued pillaging of TFSB employees.

7. Defendants are gutting TFSB of their workforce, causing irreparable harm.

8. Defendants' conduct violates controlling law and their employment agreements.

9. In aid of the arbitration claim TFSB is concurrently making with JAMS, TFSB seeks from this Court an Order enjoining Defendants Katz, Baume, and Moss, and any other persons or entities acting on their behalf, from directly or indirectly soliciting any TFSB employee to leave TFSB and from offering employment to any TFSB employee, for a period consistent with their contractual obligations.

10. TFSB also seeks an Order enjoining Defendant Independence, and any other persons or entities acting on its behalf, from soliciting TFSB employees, and for damages.

**PARTIES, VENUE, AND JURISDICTION**

11. TFSB is a federally-chartered savings bank with its main office in Chicago, Illinois; therefore, TFSB is a citizen of the State of Illinois.

12. Katz is an individual who is a citizen of the State of Arizona.

13. Independence is a limited liability company organized and existing under Arizona

---

[1] Based on the newly discovered evidence of their wrongdoing, TFBS is adding Defendants Baume and Moss to the JAMS arbitration.

2

4887-4884-5202, v. 1

law with its principal place of business in Maricopa County, Arizona.

14. Katz is the sole member of Independence and Independence is, therefore, a citizen the State of Arizona.

15. Baume is an individual who is a citizen of the State of Arizona.

16. Moss is an individual who is a citizen of the State of Arizona.

17. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

18. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

19. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because each Defendant resides in this District.

20. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Plaintiff's claims occurred in this District.

## GENERAL ALLEGATIONS

21. TFSB realleges every allegation set forth previously in this Complaint as if set forth in this paragraph.

22. The largest part of TFSB's business operations consists of originating residential mortgage loans and then selling those loans to investors for slightly more than the original principal balance of the loan.

23. In order to do that, TFSB employs a large sales force and a large number of employees who process loans. The bank's employees who sell residential mortgage loans (who are called "loan officers" or "mortgage bankers"), its employees who process loans, and its employees who manage loan officers and loan processors are among its most valuable assets.

24. TFSB ability to maintain a stable workforce of loan originators, loan processors, and managers is essential to the continued vitality of its business.

25. From April 23, 2012 to July 31, 2023, Katz was employed by TFSB as a Regional Senior Vice President in charge of managing a division of TFSB in Scottsdale, Arizona that originated residential mortgage loans.

26. Katz resigned from TFSB on July 31, 2023.

27. Each of the other individual Defendants was a TFSB loan officer who worked in the TFSB division that was managed, prior to his resignation, by Katz.

28. On August 4, 2023, Katz formed Independence as its sole member.

29. Since its formation, Katz has used Independence to compete with TFSB in the residential mortgage loan business.

30. Katz has a written employment contract with TFSB, a copy of which is attached hereto as Exhibit "A."

31. Katz's TFSB employment contracts provides:

> From the date on which you execute this Term of Employment through the period ending 12 months after your employment with the Company terminates, regardless of the reason for such termination, you will not entice, cause, encourage, induce, aid or assist any other party or person in soliciting, inducing or attempting to induce… any employee of the Company to leave or seek to leave his or her position with the Company.

(Exhibit "A" at § 3(c)).

32. Katz worked for TFSB for more than two years after signing his TFSB employment agreement.

33. On September 1, 2023 counsel for TFSB sent a letter to Katz reminding him of his non-solicitation obligation and informing him that, if he were to violate that obligation, TFSB would take action against him.

34. Prior to September 14, 2003, in violation of his employment contract, Katz successfully solicited, enticed, caused, encouraged, and/or induced six TFSB loan officers who had reported to Katz at TFSB to leave their positions with TFSB and to go to work for Independence.

35. Those loan officers are Baume, Austin Downs ("Downs"), Chris Floyd ("Floyd"), Chris Navarro ("Navarro"), Bill Scatena ("Scatena") and Jared Vogt ("Vogt").

/ / /

/ / /

4

36. Katz's TFSB employment agreement provides:

> These Terms of Employment are made and entered into in the State of Illinois and shall in all respects be interpreted, enforced and governed by and in accordance with the laws of the State of Illinois. In the event of a dispute between the parties concerning the wages, hours, working conditions, terms, rights, responsibilities or obligations between them or arising out of their employment relationship, such dispute shall be resolved through binding arbitration in accordance with the rules of JAMS Arbitration applicable to employment claims...

(Exhibit "A" at § 10).

37. On September 14, 2023, pursuant to Section 10 of Katz's TFSB employment agreement, TFSB initiated a JAMS arbitration against Katz regarding his successful solicitation of Baume, Downs, Floyd, Navarro, Scatena, and Vogt.

38. That arbitration remains pending.

39. After the arbitration was initiated, Katz successfully solicited eight more loan officers and three loan processors to resign from TFSB and go to work with Katz at Independence.

40. The former TFSB employees who, to date, are known to TFSB to have resigned their employment with TFSB and gone to work for Independence are as follows:

| Former TFSB Employee | Job Function at TFSB | TFSB Termination Date | Independence Start Date |
|---|---|---|---|
| Eric Katz | Loan production office manager | July 31, 2023 | August 3 or 4, 2023 |
| Jared Vogt | Loan officer | August 13, 2023 | August 28, 2023 |
| Bill Scatena | Loan officer | September 1, 2023 | September 5, 2023 |
| Chris Navarro | Loan officer | August 24, 2023 | September 7, 2023 |
| Austin Downs | Loan officer | September 1, 2023 | September 11, 2023 |
| Chris Floyd | Loan officer | September 7, 2023 | September 11, 2023 |

5

4887-4884-5202, v. 1

| Barry Baume | Loan officer | September 15, 2023 | September 22, 2023 |
| --- | --- | --- | --- |
| Collin Sommer | Loan officer | September 18, 2023 | September 22, 2023 |
| Domenico Nolletti | Loan officer | September 15, 2023 | September 27, 2023 |
| Miles Gagg | Loan officer | September 25, 2023 | September 27, 2023 |
| Nick Maffei | Loan officer | September 29, 2023 | September 29, 2023 |
| Jonathan Moss | Loan officer | October 6, 2023 | October 16, 2023 |
| Megan Wynne | Loan officer | October 27, 2023 | October 30, 2023 |
| Philip Iwinski | Loan processor manager | September 29, 2023 | Unkown |
| Brian Dines | Loan processor manager | September 29, 2023 | Unknown |
| Craig Alderson | Loan processor manager | September 29, 2023 | Unknown |
| Paul Potolicchio | Loan officer | November 15, 2023 | November, 2023 |
| Sarah Kubicki | Loan officer | November 16, 2023 | November 16, 2023 |

41. TFSB intends to amend its demand for arbitration to add the solicitations of each of those persons as part of the factual basis for its claims and to add Baume and Moss as respondents.

42. Defendants Baume and Moss each has a TFSB employment agreement that contains the same prohibition on solicitation of employees during and for one year following employment as is contained in the Katz TFSB employment agreement.

43. The Baume and Moss TFSB employment agreements are attached hereto as Exhibits "B," and "C," respectively.

44. Baume and Moss each worked for TFSB for more than two years after signing their respective TFSB employment agreements.

45. The section of the Katz, Baume, and Moss TFSB employment agreements that require submission of disputes to arbitration by JAMS also provides:

> Nothing herein shall preclude a party from seeking temporary injunctive relief in a court of competent jurisdiction to prevent irreparable harm,

6

pending any ruling obtained through Arbitration.

(Exhibits A, B, and C at §10 of each).

46. Katz, in violation of his TFSB employment agreement – now assisted by Baume and Moss in violation of their TFSB employment agreements – is still soliciting TFSB employees and, unless restrained from doing so by this Court, all three of them will continue to do so.

47. Defendants recently successfully solicited TFSB loan officer Sarah Kubicki, who resigned from TFSB on November 16, 2023 and went to work for Independence on the same day.

48. Also, on November 15, 2023, Baume solicited TFSB Senior Mortgage Analyst Molly Woods to resign from TFSB and go to work for Independence.

49. Also, during the week of November 13, 2023, Moss solicited TFSB employee Allyson Rosales to resign from TFSB and go to work for Independence.

50. Defendants successfully solicited TFSB loan officer Paul Potolicchio and, on information and belief, TFSB loan processor Courtney Claus, who resigned their employment with TFSB on November 15, 2023 and November 20, 2023, respectively, and have now gone to work for Independence.

51. On information and belief, Defendants have been attempting to recruit four other TFSB loan officers – Sam Margolis, Jessica Maxson, Jordan Brown, and John Afzal and, unless restrained from so doing, will continue to attempt to recruit those TFSB employees.

## FIRST CAUSE OF ACTION

**Breach of Contract**

**(Against Katz, Baume, and Moss)**

52. TFSB realleges every allegation set forth previously in this Complaint as if set forth in this paragraph.

53. The employment agreement Katz, Baume, and Moss signed with TSFB are binding and legally enforceable contracts.

54. By taking the actions stated in this Complaint, Katz, Baume, and Moss breached

7

their employment agreements.

55. TFSB has fully or materially performed all of its obligations pursuant to the Katz, Baume, and Moss TFSB employment agreements.

56. The recruitment of TFSB employees by Katz, Baume, and Moss constitute violations of their respective TFSB employment agreements.

57. As a direct and proximate result of that recruitment, 16 TFSB employees resigned their employment with TFSB and went to work for Independence, the last one as recently as November 16, 2023.

58. Premised on their past performance, TFSB estimates that, but for the fact that they were successfully recruited to leave TFSB and go to work for Independence, the loan officers who have, thus far, left TFSB to go to work for Independence would have earned a profit for TFSB of more than $1,000,000 per year.

59. But for the solicitation by Defendants, TFSB would have earned that profit from loans originated by those persons each year for many years to come.

60. Unless restrained from doing so by this Court, Defendants will continue to solicit TFSB employees to resign and go to work for Independence.

61. Unless Defendants are restrained from continuing to solicit TFSB employees, TFSB will suffer irreparable harm for which it will have no adequate remedy at law.

62. The non-solicitation restrictive covenant in each of the individual defendants' TFSB employment agreement provides:

> You agree that in the event of any threatened, intended or actual breach of this Term of Employment by you, the Company will suffer irreparable damage, the exact amount of which may be impossible to ascertain, and for which the remedies at law may be inadequate, and for those reasons you further agree that the Company shall be entitled, in addition to reasonable attorneys' fees, costs and remedies otherwise available to the Company at law or in equity, to injunctions, both preliminary and final, enjoining and restraining such threatened, intended or actual breach, and you irrevocably consent to the issuance of such injunctive relief by any court of competent jurisdiction.

4887-4884-5202, v. 1

63. TFSB is entitled to an injunction against Defendants requiring them to stop violating their employment agreement, including but not limited to a permanent injunction prohibiting them from soliciting any TFSB employee to leave TFSB and from offering employment to any TFSB employee.

## SECOND CAUSE OF ACTION

**Intentional Interference with Prospective Economic Advantage**

**(Against all Defendants)**

64. TFSB realleges every allegation set forth previously in this Complaint as if set forth in this paragraph.

65. TFSB had valid business relationships with each of the persons who was successfully solicited to resign from TFSB and go to work for Independence of which each of Defendants had knowledge.

66. TFSB has valid business relationships with each of their current employees.

67. Defendants intentionally interfered with TFSB's valid business relationships by causing those persons to terminate their valid business relationships with TFSB.

68. As a direct and proximate result of that intentional interference with TFSB's valid business relationships, TFSB suffered damages.

69. Defendants acted willfully or with such gross negligence as to indicate a wanton disregard for the rights of TFSB.

70. TFSB is entitled to an injunction against Defendants requiring them to stop violating their employment agreement, including but not limited to a permanent injunction prohibiting them from soliciting any TFSB employee to leave TFSB and from offering employment to any TFSB employee.

## THIRD CAUSE OF ACTION

**Conspiracy to Intentionally Interfere with Prospective Economic Advantage**

**(Against all Defendants)**

71. TFSB realleges every allegation set forth previously in this Complaint as if set

forth in this paragraph.

72. Defendants agreed among themselves to intentionally interfere with TFSB's valid business relationships by soliciting TFSB employees to resign and go to work for Independence, and then did so pursuant to that agreement.

73. As a direct and proximate result of that conspiracy, TFSB suffered damages.

74. Defendants acted willfully or with such gross negligence as to indicate a wanton disregard for the rights of TFSB.

WHEREFORE, TFSB requests judgment against Defendants, and each of them, as follows:

A. For issuance of a temporary restraining order and, subsequently, a preliminary injunction to remain in place pending the completion of the arbitration, prohibiting Defendants Katz, Baume, and Moss from directly or indirectly soliciting any TFSB employee to leave TFSB and from offering employment to any TFSB employee.

B. For issuance of a temporary restraining order and, subsequently, a preliminary and permanent injunction against Defendant Independence Home Loans, LLC prohibiting Independence from directly or indirectly soliciting any TFSB employee to leave TFSB and from offering employment to any TFSB employee, for damages in an amount in excess of $1,000,000, the precise amount of which will be proved at trial, costs of this action, punitive damages, reasonable attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED: November 22, 2023.

HEFTER LAW, LTD.

*/s/ Daniel S. Hefter*

Daniel S. Hefter
*Attorneys for Plaintiff*

4887-4884-5202, v. 1

|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

CONELLY LAW GROUP PLLC

*/s/ Chad Conelly*

Chad Conelly
*Attorneys for Plaintiff*

4887-4884-5202, v. 1

## **VERIFICATION**

I, John T. Calk, verify and state under penalty of perjury that I have read this Complaint and know the content of it, and that, with the exception of Paragraphs 48 and 49, of which I have no firsthand knowledge, the content of it is true and correct to the best of my knowledge.

Executed on November 22, 2023.

*John T. Calk*

John T. Calk

## **CERTIFICATE OF FILING**

I hereby certify that on November 22, 2023, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing

By: /s/ *Chad Conelly*

4887-4884-5202, v. 1